NO. 07-05-0138-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2007

_____

FIRST STATE BANK, N.A.,

Appellant

v.

C.D. MORSE D/B/A 38TH & Q AUTO,

Appellee
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-519,190; HON. BLAIR CHERRY, JR., PRESIDING
_____

*Opinion on Motion for Rehearing*
_____

Before QUINN, C.J., CAMPBELL, J., and REAVIS, S.J.[1]

Pending before the court is First State's motion to "amend notice of appeal to correct misnomer, for rehearing, and for correction and/or clarification." We grant, in part, for the reasons which follow and overrule in part. First State contends that because it had merged with State National Bank, our original opinion dated May 8, 2007, affected both

_____

[1]Don Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).

First State and State National.  First State relies on the parties' stipulation that First State had merged with State National and the trial court's judgment which included the following language:  "[a]ll liabilities of First State. . . which are adjudicated in this cause against First State. . . are hereby adjudged against State National Bank of Lubbock."  We agree and reform our opinion to include the following:  we reverse those portions of the judgment 1) denying Morse recovery upon the jury finding that First State and State National converted property of Morse and 2) awarding Morse damages against First State and State National for negligence.  We modify the judgment to award Morse the damages found by the jury in answer to "Question 6 " appearing as a subcategory denominated "Proceeds from Motor vehicle certificate of title, if any," *i.e.* $280,098.50 to recompense the conversion.  Finally, in all other things the judgment is affirmed and the motions for rehearing are overruled except as stated herein.

Brian Quinn
Chief Justice

Reavis, J., not participating.